**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: [to be provided]**

DYNAMIC ENGINEERING DESIGN & INSPECTION, INC. a Florida for Profit Corporation;

Plaintiff,

v.

ALAN PATRICK JAMES, P.E., an individual;
ALANJAMESENGINEER – INC., a Florida for Profit Corporation;

Defendants.
_______________________________________________/

# COMPLAINT

## (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DYNAMIC ENGINEERING DESIGN & INSPECTION, INC., formerly known as M2 Engineering & Consulting, Inc. d/b/a Dynamic, by and through the undersigned counsel sues Defendants ALAN PATRICK JAMES, P.E., as an individual, and ALANJAMESENGINEER, INC., and allege as follows:

## SUMMARY OF THE ACTION

1. Plaintiff, DYNAMIC ENGINEERING DESIGN & INSPECTION, INC. ("Dynamic") brings this action for copyright infringement under 17 U.S.C. §§ 101 et seq., along with related state-law claims, arising from Defendants' unauthorized

copying, alteration, and reuse of Dynamic's original structural engineering drawings.

2. Dynamic is a structural engineering firm, located in Bradenton, Florida. Dynamic specializes in providing innovative engineering solutions through its detail in design and project administration. Dynamic provides detailed and customized engineering plans to every client.

3. Defendant ALAN PATRICK JAMES, P.E. ("JAMES") is an engineer who provides engineered drawings used for building permits and construction. At all times relevant herein, JAMES owned and operated the Florida Profit Corporation, AlanJamesEngineer, Inc.

4. Defendant ALANJAMESENGINEER, INC. ("AJE") is an engineering firm, with its principal place of business in Nokomis, Florida. AJE specializes in generating engineered building construction project drawings for residential and commercial properties.

5. Defendants, ALAN PATRICK JAMES, P.E. and ALANJAMESENGINEER, INC. (hereinafter collectively "Defendants") copied Dynamic's drawings, modified them, and reissued them under Alan Patrick James's own professional seal without authorization, attribution, or compensation for a proposal for engineering services for a rehabilitation project ("Project") at Peppertree Bay Association at 6031 E. Peppertree Way, Siesta Key, Florida, while excluding Dynamic from the Project.

6. Defendants' conduct was intentional and willful, undertaken for their own financial benefit, and has caused Dynamic substantial damages, including lost business, reputational harm, and loss of control over its proprietary work.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has supplemental jurisdiction over Dynamic's claims of tortious interference and unjust enrichment under 28 U.S.C. §1367.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Defendant JAMES resides in the district and AJE's principal place of business is in this district.

10. Venue is also proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

11. Plaintiff Dynamic Engineering Design and Inspection, Inc. is a Florida corporation organized and existing under the law of the state of Florida with its principal place of business at 515 27th Street E, Suite #8, Bradenton, Florida 34208 and is a licensed engineering firm.

12. Defendant Alan Patrick James, P.E. is an individual residing in Sarasota County, Florida and at all material times herein, was licensed as a professional engineer in the State of Florida.

13. Defendant AlanJamesEngineer, Inc. is a Florida corporation with its principal place of business in Nokomis, Florida, and at all times material hereto was and is authorized to conduct, and does conduct, business in the State of Florida.

## FACTUAL ALLEGATIONS

14. On or about June 8, 2023, Dynamic entered into a Professional Services Agreement (the "Agreement") with Peppertree Bay Association, Inc. (the "Association") to provide structural engineering services for the subject balcony rehabilitation. **See Exhibit A.**

15. Pursuant to the Agreement, Dynamic prepared original engineering drawings and specification (the "Drawings"), which were signed and sealed by Dynamic's licensed professional engineer and issued for construction. **See Composite Exhibit B.**

16. The Agreement expressly provides that all drawings are instruments of service, and Dynamic retains ownership, including copyright, and prohibits any reuse or modification without written authorization.

17. Defendants had knowledge of Dynamic's role at the Project and its ownership of the Drawings.

18. Despite that knowledge, Defendants:

a. Used Dynamic's Drawings as the basis for their work;
b. Altered and removed design elements;
c. Reissued the Drawings under their own seal; and
d. Represented the Drawings as their own work.

19. Additionally, Dynamic was then excluded from any further participation in the Project and its contractual relationship with the Association was abandoned.

20. Defendants performed these acts without permission, license, attribution, or compensation to Dynamic.

21. Defendants' actions allowed them to obtain professional fees and take over the Project while displacing Dynamic.

22. Dynamic has suffered damages including lost revenue, loss of business opportunity, reputational harm, and loss of control over its intellectual property.

23. Dynamic obtained a copyright registration for the Drawings from the United States Copyright Office prior to commencing this action, as required by 17 U.S.C. § 411(a).

24. On or about August 7, 2026, the United States Copyright Office issued a Certificate of Registration to Dynamic for the Drawings under Registration No. VAu 1-596-666, with an effective date of registration of August 6, 2026.

25. The registration was issued as a group of unpublished works pursuant to 37 C.F.R. § 202.4(c) and covers three technical drawing works authored and owned by Dynamic: (i) 23-0044-Balcony-Rehabilitation-Drawings-Steel-SS-03-11-24; (ii) 23-0037 Peppertree Bay Bldg 53 Stair Landing Rehab Drawings SS (Rev. 1 06-01-24); and (iii) 23-0013-Unit-6031-Balcony-Rehabilitation-Drawings-SS-rev.10-29-23.

26. The registration identifies Dynamic as both the author and the copyright claimant. A true and correct copy of the Certificate of Registration is attached as **Exhibit C.**

27. On or about April 16, 2026, Dynamic sent a demand letter to Defendant JAMES demanding that he and AJE cease and desist from the unauthorized reproduction, publication, distribution, and sale of Dynamic's copyrighted Works; provide written confirmation that all infringing documents have been withdrawn and no longer in use; remit payment in the amount of $103,800.00; and to preserve all evidence related to the Project. **See Exhibit D**.

28. To date, JAMES has failed to comply with (or even substantively respond to) Dynamic's letter.

29. As a result of the Defendants' actions described above, Dynamic has been directly damaged and is continuing to suffer from damages by the unauthorized reproduction and use of Dynamic's copyrighted Works and Defendants' tortious interference with Dynamic's business relationship with the Association.

30. All conditions precedent to this action have occurred, been satisfied, performed, waived, or excused by Defendants' conduct.

**COUNT I**
**FEDERAL COPYRIGHT INFRINGEMENT**
**(17 U.S.C §501)**
**(Against Defendants)**

31. Dynamic realleges and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32. At all material times, Defendant JAMES was a licensed professional engineer in the State of Florida and acted individually and through Defendant AJE.

33. The Drawings constitute original works of authorship fixed in a tangible medium of expression, including engineering plans, drawings, and specifications, and are subject to protection under the Copyright Act.

34. The Drawings are the subject of a valid Certificate of Registration issued by the United States Copyright Office, Registration No. VAu 1-596-666, effective August 6, 2026, attached hereto as **Exhibit C.**

35. Dynamic is the sole owner of the copyrights in the Drawings, including all exclusive rights under 17 U.S.C. § 106, such as the rights to reproduce, distribute, display, and prepare derivative works.

36. The Agreement expressly confirms Dynamic's ownership of the Drawings and prohibits any use, reuse, or modification without written authorization, thereby reinforcing Dynamic's exclusive rights.

37. Defendants' conduct was willful, as they knowingly used and altered Dynamic's sealed work.

38. Notwithstanding that knowledge, Defendants intentionally and without authorization violated Dynamic's exclusive rights by:

a. Reproducing the Drawings in whole or substantial part;

b. Creating unauthorized derivative works by striking out, modifying, or selectively altering design details while retaining the underlying structure, calculations, and engineering concepts;

c. Distributing and publishing the modified Drawings to third parties, including the Association, contractors, and permitting authorities; and

d. Displaying and using the Drawings in connection with the Project for their own commercial benefit.

39. Defendants further compounded their infringement by affixing their professional seal to Drawings materially derived from Dynamic's work, falsely representing that the Drawings were their own independent creation, thereby increasing the scope and impact of the infringement.

40. As a direct and proximate result, Dynamic has suffered damages and is entitled to:

a. Dynamic has suffered actual damages, including lost profits, loss of business opportunity, and harm to its professional reputation;

b. Defendants have obtained profits attributable to their infringing conduct, including fees earned from the Project; and

c. Dynamic has lost control over the use, integrity, and attribution of its proprietary engineering work.

41. Pursuant to 17 U.S.C. § 504(b), Dynamic is entitled to recover both its actual damages and Defendants' profits attributable to the infringement, including all revenues derived from the use of the Drawings.

42. Defendants' continued possession and potential use of the Drawings threaten ongoing and irreparable harm, including continued loss of control over copyrighted works, reputational damage, and exposure to liability arising from altered designs.

43. Dynamic has no adequate remedy at law for these continuing harms and is therefore entitled to injunctive relief under 17 U.S.C. § 502, restraining Defendants from further infringement.

**WHEREFORE**, Plaintiff Dynamic Engineering Design & Inspection, Inc. respectfully requests that this Court enter judgment against Defendants, jointly and severally, as follows:

i. Adjudging and declaring that Defendants have infringed Dynamic's copyrights in the Drawings in violation of 17 U.S.C. § 501;

ii. Issuing preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 enjoining Defendants, and all persons acting in concert with them, from further reproducing, distributing, displaying, preparing derivative works

from, sealing, submitting, or otherwise using the Drawings or any works substantially similar to or derived from them;

iii. Ordering, pursuant to 17 U.S.C. § 503, the impounding and destruction or other reasonable disposition of all infringing copies, derivative works, and materials, including drawings, CAD files, and permit submittals—made or used in violation of Dynamic's exclusive rights;

iv. Awarding Dynamic its actual damages and, in addition, all profits of the Defendants attributable to the infringement that are not taken into account in computing actual damages, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial;

v. Requiring Defendants to account for all revenues, gains, profits, and advantages derived from their infringing conduct, including all fees earned in connection with the Project;

vi. Awarding pre- and post-judgment interest and taxable costs of suit as permitted by law; and

vii. Granting such other and further relief as the Court deems just and proper.

## COUNT II
## TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP
## (Against Defendants)

44. Dynamic realleges and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

45. At all material times, Dynamic had a valid and identifiable business relationship with the Association, arising from its executed Agreement for the Project.

46. This relationship included not only a contractual agreement, but also a reasonable expectation of continued business, including completion of design services, construction-phase involvement, and associated compensation.

47. Defendants had actual knowledge of Dynamic's relationship with the Association, including:

a. Dynamic's role as the original design professional;

b. The existence of Dynamic's Drawings; and

c. The Association's reliance on those Drawings for the Project.

48. Despite that knowledge, Defendants intentionally and unjustifiably interfered with this relationship by falsely representing that Defendants could provide design work at a lower cost when Defendants' intention was to misappropriate Dynamic's drawings rather than provide their own professional services.

49. Defendants' conduct was improper and unjustified, as it was predicated on the unauthorized use of Dynamic's intellectual property and misrepresentations regarding authorship, professional responsibility, and compliance with engineering standards.

50. As a direct and proximate result of this interference, Dynamic has suffered and continues to suffer damages as Dynamic was removed from further

participation in the Project; Dynamic lost the benefit of its contractual relationship and anticipated future work; Dynamic suffered reputational harm within the industry; and Dynamic incurred financial damages, including lost profits and opportunities.

**WHEREFORE**, Dynamic demands judgment against Defendants for damages, special damages, pre and post judgment interest, costs, and for any such other relief as the court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT
## (Against Defendants)

51. Dynamic realleges and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

52. Dynamic, at its own time and expense, created the Drawings for the Project, which constitute valuable intellectual property and professional work product.

53. Through their conduct, Defendants knowingly obtained and used the benefit of Dynamic's Drawings, including:

a. Incorporating the Drawings into their own work;

b. Using them to secure and perform engineering services; and

c. Presenting them as part of their deliverables on the Project.

54. Defendants had knowledge and appreciation of the benefit conferred, as they were aware that:

a. The Drawings were prepared by Dynamic; and

b. The Drawings were not authorized for reuse, modification, or resealing.

55. Defendants accepted and retained this benefit by:

a. Avoiding the cost and effort of independently preparing engineering drawings;

b. Using the Drawings to obtain professional fees; and

c. Completing work on the Project using materially derived designs.

56. The benefits retained by Defendants are directly traceable to their misappropriation and unauthorized use of Dynamic's work.

57. Under the circumstances, it would be inequitable and unjust for Defendants to retain these benefits without compensating Dynamic.

**WHEREFORE**, Dynamic demands:

a. Restitution and disgorgement of all benefits and profits obtained by Defendants;

b. An equitable accounting of such profits;

c. Pre- and post-judgment interest; and

d. Such further equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff DYNAMIC ENGINEERING DESIGN & INSPECTION, INC. demands a trial by jury on all counts and on all issues so triable.

Dated: August 22, 2026

*/s/ Alexander Adeseye*
Alexander Adeseye, Esq.
Florida Bar No. 1044456
Bush Ross, P.A.
1801 N. Highland Ave.
P.O. Box 3913
Tampa, FL 33601-3913
Telephone (813) 224-9255
Facsimile (813) 223-9620
aadeseye@bushross.com
construction@bushross.com
*Counsel for Plaintiff Dynamic Engineering Design & Inspections*